Filed 3/7/16  P. v. Vasquez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANCISCO HERNANDEZ VASQUEZ,<br><br>    Defendant and Appellant. | H039956<br>(Monterey County<br>Super. Ct. No. SS130821A) |

THE COURT:[*]

Defendant Francisco Hernandez Vasquez was placed on felony probation after he pleaded no contest to committing a lewd act on a minor.  (Pen. Code, § 288, subd. (a).)[1] The trial court imposed a number of probation conditions, including one that provided: "You shall provide all access to social media programs to [the] probation officer including but not limited to Facebook, Instagram or any social media."

On appeal, defendant contends the probation condition requiring him to provide the probation officer with "all access to social media programs" is unconstitutionally vague and overbroad.  For reasons that we will explain, we will affirm the order of probation.

_____

[*] Before Bamattre-Manoukian, Acting P.J., Mihara, J., and Grover, J.

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# I. DISCUSSION

It is unnecessary to provide significant detail regarding defendant's offense, since defendant presents only a facial challenge to the social media probation condition. Briefly, when defendant was 19 years old, he engaged in a sexual relationship with a 13-year-old girl he had met at a church function. The probation report reflects that defendant had communicated with the girl "via social media; Facebook."

## A. *Standard of Review*

We review the constitutionality of a probation condition de novo. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889 (*Sheena K.*).)

## B. *Vagueness*

We first address defendant's argument that the probation condition requiring him to give his probation officer "all access" to any "social media programs" is unconstitutionally vague. Defendant challenges as vague the phrase "all access" as well as the phrase "social media."

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " (*Sheena K., supra,* 40 Cal.4th at p. 890.) Our examination of the challenged condition is "guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*Ibid.*) In sum, the probation condition must be " 'sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated.' " (*Ibid.*)

Defendant acknowledges that the term "social media" has been defined in Labor Code section 980, subdivision (a), which provides: "As used in this chapter, 'social

2

media' means an electronic service or account, or electronic content, including, but not limited to, videos, still photographs, blogs, video blogs, podcasts, instant and text messages, email, online services or accounts, or Internet Web site profiles or locations." The same definition of "social media" is contained in Education Code section 99120, which similarly limits the definition's application to a particular chapter of that code. By their terms, these statutory definitions do not apply to defendant's probation condition. Further, these definitions appear to be so broad as to include Internet use and communications with no social component, such as online banking.

However, a practical, acceptable, and common-sense definition of the term does exist, which is what the condition needs in order to pass constitutional muster. According to the Oxford English Dictionary, "social media" constitutes "websites and applications which enable users to create and share content or to participate in social networking." (Oxford English Dict. Online (2016) < http://www.oed.com> [as of Mar. 4, 2016].) In turn, "social networking" is defined as "the use or establishment of social networks or connections; (now *esp.*) the use of websites which enable users to interact with one another, find and contact people with common interest, etc." (Oxford English Dict. Online (2016) < http://www.oed.com> [as of Mar. 4, 2016].) And, "social network" is defined as "a system of social interactions and relationships; a group of people who are socially connected to one another; (now also) a social networking website; the users of such a website collectively." (Oxford English Dict. Online (2016) <http://www.oed.com> [as of Mar. 4, 2016].)

We are guided by the general principles that the language used in a probation condition must only have " ' "*reasonable* specificity," ' " not " 'mathematical certainty.' " (*Sheena K., supra*, 40 Cal.4th at p. 890.) And, a probation condition is sufficiently specific " ' "if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources." ' " (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630 (*Lopez*).)

3

Here, the term "social media" has a reasonably certain definition: web sites where users are able to share and generate content, and find and connect with other users of common interests. Moreover, the term was made sufficiently specific by the trial court when it clarified that the probation condition covered social media sites including Facebook and Instagram.[2] Additionally, the condition's purpose—to deter defendant from communicating with minors online and to provide the probation officer with the ability to monitor defendant's use of the Internet for communication with minors—lends the needed clarity.

Other appellate courts have concluded that illustrative examples and the trial court's reason for imposing the probation condition can cure a probation condition's vagueness problem. This is based on the general concept that " 'abstract legal commands must be applied in a specific *context*. A contextual application of otherwise unqualified legal language may supply the clue to a law's meaning, giving facially standardless language a constitutionally sufficient concreteness.' " (*Lopez, supra,* 66 Cal.App.4th at p. 630.)

For example, in *In re Malik J.* (2015) 240 Cal.App.4th 896 (*Malik J.*), the appellate court considered whether a probation condition requiring the minor to " 'provide all passwords to any electronic devices, including cell phones, computers or [notepads], within [the probationer's] custody or control' " was unconstitutionally vague or overbroad. (*Id.* at p. 900.) The minor argued that the phrase " 'any electronic devices' " could be interpreted to include Kindles, Playstations, iPods, the codes to his car, home security system, or even his ATM card. (*Id.* at p. 904.) However, the appellate court concluded that the imposed search condition was in response to the trial court's concern that the minor would use items such as his cell phone to coordinate with other

---

[2] When imposing the probation condition at the sentencing hearing, the trial court stated, "You shall provide access to all social media programs to your probation officer, including but not limited to Facebook, Instagram, but any social media whatsoever."

offenders.  Additionally, the minor had previously robbed people of their iPhones.  (*Id.* at pp. 904-905.)  Therefore, the appellate court concluded that it was reasonably clear that the condition was meant to encompass "similar electronic devices within [minor's] custody and control that might be stolen property, and not, as [minor] conjectures, to authorize a search of his Kindle to see what books he is reading or require him to turn over his ATM password."  (*Id.* at p. 905.)

Like the court in *Malik J.,* the trial court here provided context by listing certain examples of social media sites covered by the probation condition, i.e., Facebook and Instagram.  Additionally, the condition's purpose—to deter defendant from communicating with minors online and to provide the probation officer with the ability to monitor defendant's use of the Internet for communication with minors—provides guidance to the probationer and clarifies what types of "social media" the condition intends to target.

Defendant's reliance on two federal cases is misplaced.  *Doe v. Jindal* (M.D. La. 2012) 853 F.Supp.2d 596 (*Jindal*) involved a state statute that prohibited registered sex offenders from " 'using or accessing . . . social networking websites, chat rooms, and peer-to-peer networks.' "  (*Id.* at p. 599.)  The statute provided that a first violation of the statute could be punished by a fine of up to $10,000 and imprisonment for up to 10 years.  (*Id.* at p. 600.)  The statute defined a "social networking website" as "an Internet website that has any of the following capabilities:  [¶]  (a) Allows users to create web pages or profiles about themselves that are available to the general public or to any other users.  [¶]  (b) Offers a mechanism for communication among users, such as a forum, chat room, electronic mail, or instant messaging."  (*Ibid.*)  The *Jindal* court held that the statute was unconstitutionally vague, because it did not "clarify which websites are prohibited."  (*Id.* at p. 606.)  The court acknowledged that the statute contained definitions of "selected key phrases" but found that "such definitions are insufficiently defined, considering the criminal sanctions imposed in the legislation."  (*Ibid.*)

5

Not only is *Jindal* not binding on this court (see *People v. Avena* (1996) 13 Cal.4th 394, 431), but it involved a criminal statute, not a probation condition. Under section 1203.1, subdivision (j), when a person is placed on probation, the trial court has discretion to impose any "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer. . . ." (See *People v. Olguin* (2008) 45 Cal.4th 375, 379.) Moreover, the statute at issue in *Jindal* applied not just to "social networking websites" but also "chat rooms" and "peer-to-peer networks." (*Jindal, supra,* 853 F.Supp.2d at p. 599.) And the defendants in *Jindal* had conceded that the statute "could be 'open' to an interpretation that would ban Plaintiffs from access to basic newspaper websites." (*Id.* at p. 604.)

*Doe v. Nebraska* (D. Neb. 2012) 898 F.Supp.2d 1086 is similarly distinguishable. That case involved three criminal statutes, one of which prohibited sex offenders from "knowingly and intentionally us[ing] a social networking web site, instant messaging, or chat room service that allows a person who is less than eighteen years of age to access or use its social networking web site, instant messaging, or chat room service . . . ." (*Id.* at p. 1094.) The statute defined the term "[s]ocial networking web site" as "a web page or collection of web sites contained on the Internet (a) that enables users or subscribers to create, display, and maintain a profile or Internet domain containing biographical data, personal information, photos, or other types of media, (b) that can be searched, viewed, or accessed by other users or visitors to the web site, with or without the creator's permission, consent, invitation, or authorization, and (c) that may permit some form of communication, such as direct comment on the profile page, instant messaging, or email, between the creator of the profile and users who have viewed or accessed the creator's profile . . . ." (*Id.* at p. 1095.) The court held that the statute was "so expansive and so vague that it chills offenders and their associates . . . from using those portions of the

6

Internet that the defendants claim are open to them," in violation of the First Amendment and the Due Process Clause. (*Id.* at p. 1112.) Although the court found that the term "collection of web sites" (used in the definition of "social networking web site") was vague, it did not specifically find that the term "social networking web site" was vague. (*Id.* at p. 1115.) Thus, this case does not support defendant's vagueness claim.

For the foregoing reasons, we do not find the term "social media" to be unconstitutionally vague as used in the challenged probation condition.

We next turn to defendant's claim that the challenged probation condition's phrase "all access" is unconstitutionally vague. Defendant questions whether he is required to "merely . . . inform the probation officer which social media programs he uses or whether [he] is to permit some sort of deeper access to the probation officer by, *e.g.,* 'friending' the officer on Facebook."

We do not agree that the phrase "all access" is vague as used in the challenged probation condition. It is reasonably clear that the probation condition intends to require that defendant provide the probation officer with his usernames and passwords to social media that he uses so that defendant's social media activity may be monitored. (See *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1174, 1175 (*Ebertowski*) [interpreting probation condition requiring defendant to "provide all passwords to any social media sites" as giving probation officer "[a]ccess to" defendant's social media accounts].) Read this way, there is no vagueness in the condition's use of the term "all access." (See *Lopez, supra,* 66 Cal.App.4th at p. 630.)

### C.    *Overbreadth*

We next turn to defendant's argument that the challenged probation condition is constitutionally overbroad because it impacts his First Amendment rights but is not narrowly tailored. Defendant contends that because it applies to all "social media," the probation condition "draws an extremely wide net around the arenas of speech it purports to regulate."

7

This panel rejected a similar overbreadth argument in *Ebertowski, supra,* 228 Cal.App.4th 1170, where the challenged probation condition required the defendant to " 'provide all passwords to any social media sites, including Facebook, Instagram and Mocospace and to submit those sites to search at any time without a warrant by any peace officer.' " (*Id.* at p. 1172.) The *Ebertwoski* defendant was a member of a criminal street gang who had promoted his gang on social media. We rejected the defendant's claim that the probation condition was "not narrowly tailored to [its] purpose so as to limit [its] impact on his constitutional rights to privacy, speech, and association." (*Id.* at p. 1175.) We explained that the state's interest in preventing the defendant from continuing to associate with gangs and participate in gang activities, which was served by the probation condition, outweighed the minimal invasion of his privacy. (*Ibid.*)

We continue to adhere to the reasoning set forth in *Ebertowski.* Here, the probation condition requiring defendant to provide the probation officer with "all access to social media programs" serves the state's interest in preventing defendant from using social media to engage in inappropriate relationships with minors. This interest outweighs the minimal intrusion on defendant's First Amendment rights. We therefore conclude that the challenged probation condition is not constitutionally overbroad.[3]

---

[3] The California Supreme Court recently granted review in a case presenting the question of whether a probation condition requiring a minor to submit to warrantless searches of his "electronics including passwords" was overbroad. (*In re Ricardo P.* (2015) 241 Cal.App.4th 676, review granted Feb. 17, 2016, S230923; see also *In re Patrick F.* (2015) 242 Cal.App.4th 104, review granted Feb. 17, 2016, S231428 [briefing deferred].) In another recent case, an appellate court indicated that a probation condition permitting searches of "electronics" would not be overbroad if it was limited to "media of communication reasonably likely to reveal whether appellant is boasting about drug use or otherwise involved with drugs, such as text messages, voicemail messages, photographs, e-mail accounts, and social media accounts." (*In re Alejandro R.* (2015) 243 Cal.App.4th 556, 560, 568, petn. review pending, petn. filed Feb. 3, 2016, S232240.)

8

## II.    DISPOSITION

The order of probation affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

_____
MIHARA, J.

_____
GROVER, J.